UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL McCLUSKY, 244965,

           Petitioner,

v.                                           CASE NO. 09-cv-11890

                                                  HONORABLE STEPHEN J. MURPHY, III
HUGH WOLFENBARGER,

           Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY**
**[Dkt. #10] AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

      Petitioner Michael McClusky is a state prisoner at Lakeland Correctional Facility in Coldwater, Michigan. On May 18, 2009, McClusky filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. He challenged his state convictions for armed robbery, Mich. Comp. Laws § 750.529, first-degree home invasion, Mich. Comp. Laws § 750.110a, possession of a firearm by a felon, Mich. Comp. Laws § 750.224f, possession of a taser, Mich. Comp. Laws § 750.224a, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The trial court sentenced McClusky as a habitual offender to concurrent prison terms of twenty-five to fifty years for the armed robbery, twenty-five to forty years for the home invasion, and five to eight years for possession of a taser and for being a felon in possession of a firearm. The trial court also sentenced McClusky to a consecutive term of five years in prison for felony firearm, second offense. The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion.

*See People v. McClusky*, No. 271803 (Mich. Ct. App. Dec. 13, 2007). On June 4, 2008, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. McClusky*, 481 Mich. 887 (2008).[1]

McClusky filed his habeas petition on May 18, 2009. He alleges that (1) the evidence was insufficient to sustain his armed robbery conviction; (2) the prosecutor engaged in improper tactics by eliciting testimony that McClusky failed to speak to a detective and by arguing that this was evidence of guilt, and trial counsel was ineffective for failing to object to the prosecutor's tactics; (3) the trial court abused its discretion by permitting the prosecutor to introduce a letter written by a star prosecution witness, and the prosecutor erred by producing a hostile witness to produce the letter; (4) he was denied his right of confrontation when an informant's tip was revealed to the jury; (5) he was denied a fair trial by evidence that he fled the state to evade the authorities; (6) the prosecutor's inflammatory comments denied him a fair trial; (7) the trial court erred when it instructed the jury that Mr. Fields was an accomplice; (8) offense variable 8 of the sentencing guidelines was scored erroneously; and (9) trial counsel was ineffective for failing to investigate and present Amy Porter's exculpatory testimony to support the alibi defense.

On November 30, 2009, respondent Hugh Wolfenbarger filed an answer to the petition through counsel. Resp. to Pet., Docket No. 5. He maintains that McClusky failed to exhaust state remedies for his ninth claim, and that McClusky's other claims are not cognizable on habeas review, procedurally defaulted, or lacking in merit.

McClusky recently filed a motion to stay these proceedings. Mot. to Stay, Docket

---

[1] Justice Marilyn Kelly voted to grant leave to appeal.

No. 10. He alleges that he recently discovered additional claims that must be exhausted in the state court system. These claims are: (1) trial counsel was ineffective for failing to request an expert on eyewitness identification, failing to investigate DNA results, and failing to argue the negative results of DNA tests; (2) the prosecutor failed to disclose exculpatory evidence to the defense; and (3) the verdict was against the great weight of the evidence.

The doctrine of exhaustion of state remedies requires state prisoners to present all their habeas claims to the Michigan Court of Appeals and to the Michigan Supreme Court before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Habeas petitions containing even one unexhausted issue are subject to dismissal. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In this case, McClusky seeks to present his ninth claim to the state courts and to exhaust state remedies for three new claims. A dismissal of the pending petition could preclude future consideration of McClusky's claims due to the expiration of the one-year statute of limitations. See 28 U.S.C. § 2244(d).

Faced with a similar dilemma, some courts have adopted a "stay and abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Under this approach, courts stay the habeas petition while the inmate returns to state court to pursue additional state remedies for the unexhausted claims. *Id*. As explained in *Duncan v. Walker*, 533 U.S. 167 (2001),

> there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when [28 U.S.C. § 2254(b)(2)] gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims . . . and

3

when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of [the] 1-year limitations period.

*Id.* at 182–83 (Stevens, J., concurring in part and concurring in the judgment). After the state court completes its review of the petitioner's new claims, the federal court can lift its stay and allow the inmate to proceed in federal court. *Rhines*, 544 U.S. at 275–76.

"Stay and abeyance" is only available in limited circumstances, such as when (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics. *Id.* at 277–78. McClusky has not alleged "cause" for his failure to raise all his claims on appeal, but he does not appear to be engaged in abusive litigation tactics, and at least two of his proposed new claims are not plainly meritless. Therefore, the Court concludes that it would not be an abuse of discretion to hold this case in abeyance while McClusky pursues additional remedies in state court.

**WHEREFORE**, it is hereby **ORDERED** that the motion to hold the habeas petition in abeyance (docket no. 10) is **GRANTED**. The Court's stay is conditioned on McClusky presenting his unexhausted claims to the trial court in a motion for relief from judgment within ninety (90) days of the date of this order. If McClusky is unsuccessful in state court, he may move to re-open this case, using the same caption and case number. A motion to re-open this case must be filed within ninety (90) days of the exhaustion of state remedies.

**IT IS FURTHER ORDERED** that the Clerk of the Court is to **CLOSE** this case for statistical purposes. This administrative closing shall not be construed as a dismissal or

as an adjudication of Petitioner's exhausted claims.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 16, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 16, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager